# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TDY INDUSTRIES INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-790 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon[1] |
| | ) | |
| INGERSOLL CUTTING TOOL COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Having considered all of the parties' submissions, the Court will grant Ingersoll Cutting Tool Company's ("Ingersoll's") Motion to stay this litigation pending reexamination of the patent-in-suit.

In determining whether to stay a patent infringement action pending reexamination, the Court considers: (1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case, and (3) procedural posture, *i.e.*, whether discovery is complete and whether a trial date has been set. Heraeus Electro-Nite Co., LLC v. Vesuvius USA Corp., 2010 WL 181375, *1 (E.D. Pa. Jan. 11, 2010) (citation to quoted source omitted).

As to procedural disposition, Ingersoll filed its initial Request for *Inter Partes* Reexamination on August 6, 2010, roughly four months after being notified by TDY Industries Incorporated ("TDY") of the alleged infringement. *Compare* Ingersoll's Br. (Doc. 19) at 1 *with* TDY's Br. filed at Doc. 10 (noting that correspondence regarding alleged infringement began

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 3 & 12).

in April, 2010). Ingersoll's reexamination request came less than two months after TDY filed its Complaint, and the procedural posture of this case weighs in favor of a stay. *See, e.g.*, Heraeus, 2010 WL 181375 at *2 (holding same where, despite court's establishment of discovery deadline, litigation was at "a very early stage"); Wall Corp. v. BondDesk Group, L.L.C., 2009 WL 528564, *2 (D. Del. Feb. 24, 2009) (holding same where, as here, motion for stay was presented "prior to the court's [initial] scheduling conference and entry of a scheduling order").[2]

Turning to undue prejudice, the Court finds TDY's complaints substantially mitigated by Ingersoll's agreement to "no longer make, use, offer to sell, sell, import or distribute any [of the allegedly infringing] products in the United States, until the earlier of: (a) the date on which the [Patent] Examiner issues a Right of Appeal Notice . . . in the pending Reexamination, or (b) September 15, 2013, [*i.e.*,] 3 years away, a period longer than the average time between the filing of a reexamination request and issuance of a reexamination certificate." *See* Ex. 3 to Doc. 19; *see also, e.g.*, Heraeus, 2010 WL 181375 at *1 (finding lack of undue prejudice based on similar agreement) *and* K.G. Motors, Inc. v. Specialized Bicycle Components, Inc., 2009 WL 2179129, *4 (W.D.N.Y. Jul. 22, 2009) (same). Although TDY is correct that Ingersoll has not "incorporate[d this] . . . promise into its [current] proposed court order," *see* TDY's Opp'n Br. (Doc. 23) at 5, the Court's grant of a stay will be conditioned upon the same. *See* discussion *infra* (instructing parties to submit, jointly or individually, proposed order(s) consistent with rulings herein).[3]

---

[2] Given the narrow time frames in question, the Court has little reason to believe that Ingersoll's conduct has in any way been untoward. *Cf.* TDY's Doc. 10 at 4 (suggesting that Ingersoll's "candid[] communicat[ion]" of its intention to seek reexamination evinced "[a] strategy [of] delay").

[3] The Court declines to adopt those conditions proposed by TDY, and rejected by Ingersoll, in TDY's counter-proposal for a consented stay. *Compare* Ex. D to Doc. 19 (TDY's counter-proposal) *with* Ingersoll's Br. at 5-6 (objecting to ¶¶ 3 and 4 of TDY's counter-proposal).

Finally, the grant of a stay will simplify the issues in question and the trial of this case. *See* Ingersoll's Br. at 1 (grounds for non-patentability asserted in Ingersoll's reexamination request are substantially similar to its arguments for patent invalidity here); TDY's Br. in Supp. of Mot. to Dismiss Count III of Ingersoll's Countercl. (Doc. 17) at 5-7, 11-13 (discussing, at length, contents of Ingersoll's reexamination request, and arguing that Ingersoll's statements therein "demonstrate" that certain prior art "is cumulative and therefore not material"); *see also generally, e.g.*, Heraeus, 2010 WL 181375 at *1 (regardless of outcome, "reexamination provides the Court with an expert funneling of the issues for trial") (citation to quoted source omitted); K.G. Motors, 2009 WL 2179129 at *4 (reaching same conclusion, and noting that *inter partes* reexamination may "streamline ongoing litigation because such proceedings impose estoppel restraints upon third-party requesters under 35 U.S.C. § 315(c)") (citation to quoted source omitted); Wall, 2009 WL 528564 at *2 (same).

For all of these reasons, Ingersoll's Motion to stay this litigation (**Doc. 18**) is **GRANTED**. In addition, the parties hereby are directed to meet and confer to determine whether they can reach agreement regarding the terms of the stay order.[4] Finally, by October 14, 2010, the parties shall either: (a) file an agreed-upon order of stay to be entered by the Court; or (b) cross-file proposed orders for the Court's consideration. Should the parties cross-file proposed orders, the Court will, without further analysis, adopt the proposal that it finds most reasonable and appropriate under the circumstances.

---

Although Ingersoll can and should be held to the promises it already has made, this reasoning does not extend to conditions Ingersoll has specifically rejected.

[4] In particular, the parties should discuss provisions regarding Ingersoll's withdrawal from the market of allegedly infringing devices. *Cf.* TDY's Opp'n Br. at 5 (arguing that TDY lacks sufficient information regarding products Ingersoll will cease producing and selling, and questioning recourse available to TDY in event of breach). To be clear, however, the Court will not revisit any of the issues decided, directly or by implication, in this Order.

IT IS SO ORDERED.

October 7, 2010                                         s\Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States Magistrate Judge

cc (via ECF e-mail notification):

All Counsel of Record